UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RABBI ALAM,

    Plaintiff,

v.

HAMTRAMCK POLICE
DEPARTMENT, et al.,

    Defendants.
_____/

Case No. 2:25-cv-12592
District Judge Susan K. DeClercq
Magistrate Judge Anthony P. Patti

## ORDER DIRECTING PLAINTIFF TO FILE HIS AMENDED COMPLAINT AND TO SUBMIT ADDITIONAL COPIES FOR EACH DEFENDANT

Plaintiff, proceeding *in pro per*, filed his complaint and an application to proceed *in forma pauperis* on August 20, 2025. Plaintiff then filed a motion for leave to file an amended complaint, which Judge DeClercq granted on September 4, 2025. (ECF No. 6.) Judge DeClercq then granted the application to proceed *in forma pauperis,* and issued an order directing Plaintiff to submit service documents. (ECF Nos. 7, 8.) The matter has now been referred to me "for all pretrial proceedings, including a hearing and determination of all non−dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(A) and/or a report and recommendation on all dispositive." (ECF No. 9.)

The docket reflects that service documents were timely submitted on September 18, 2025, but the Clerk's Office has yet to receive the required copies of the amended complaint.  Plaintiff has apparently submitted copies of his motion for leave to file an amended complaint, rather than the amended complaint itself.

The U.S. Marshals Service (USMS) cannot effectuate service until copies of the operative pleading have been submitted.  Accordingly, Plaintiff is **DIRECTED** to submit copies of his amended complaint (one for each Defendant, and one additional for the Clerk's Office) on or before **November 4, 2025**.  The Clerk of the Court shall file one copy on the docket and tender the remaining copies to the USMS for service on the Defendants.

When filing his amended complaint, Plaintiff is **DIRECTED** to case law indicating that police departments in Michigan are not amenable to suit, as actions against them are in effect actions against the city itself.  "A suit against a city police department in Michigan is one against the city itself, because the city is the real party in interest." *Haverstick Enterprises, Inc., v. Financial Federal Credit, Inc.*, 32 F.3d 989, 992 n.1 (6th Cir. 1994); *see also Boykin v. Van Buren Twp.*, 479 F.3d 444, 450 (6th Cir. 2007) ("Van Buren Township Police Department is subsumed within the Van Buren Township as a municipal entity to be sued under § 1983, and thus the Police Department was improperly included as a separate defendant in Boykin's suit."); *Laise v. City of Utica*, 970 F.Supp. 605, 607 (E.D.

2

Mich . 1997) (dismissing claim against Utica Police Department because it is not an entity capable of being sued).  Thus, if Plaintiff's amended complaint includes the "Hamtramck Police Department" as a Defendant, the Court will issue a report and recommendation to dismiss that entity as only the City of Hamtramack should be included as a Defendant for claims against the police department.

Additionally, the amended complaint must comply with Local Rule 15.1, which requires that "[a]ny amendment to a pleading, whether filed as a matter of course or upon a motion to amend, must . . . reproduce the entire pleading as amended, and may not incorporate any prior pleading by reference."  Accordingly, Plaintiff's amended complaint must contain any claims he intends to pursue from the current operative pleading, as well as any claims he is adding, in one document.

**IT IS SO ORDERED.**

Dated: October 20, 2025

Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE

3