UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RABBI ALAM,

Plaintiff,

v.

CITY OF HAMTRAMCK, et al.,

Defendants.

Case No. 2:25-cv-12592
District Judge Susan K. DeClercq
Magistrate Judge Anthony P. Patti

______________________________/

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO COMPEL DISCOVERY (ECF No. 23)**

## A. Background

On August 20, 2025, MD Rabbi Alam initiated this lawsuit, *in pro per*, regarding an interaction he had with officers from the Hamtramck Police Department outside of the Bangladeshi Festival on August 10, 2025. (ECF No. 1.) The operative pleading alleges officers and the City of Hamtramck defamed him, committed various torts against him, and violated his Constitutional rights. (ECF No. 12, PageID.71). The city and officer defendants appeared and filed an answer on December 11, 2025. (ECF No. 16). This Court conducted an in-person scheduling conference on January 26, 2026, and entered an initial scheduling order that day. (ECF No. 21.) Per the scheduling order, discovery was to be completed

by September 4, 2026, and dispositive motions were to be filed by October 9, 2026. (*Id.*)

**B. Instant Motion**

On September 4, 2026, Defendants filed the instant motion to compel, seeking more specific answers to discovery and signed records authorizations for Plaintiff's medical and educational providers. (ECF No. 23.) Defendants also requested that the September 4, 2026 discovery deadline be extended for an additional 120 days. (*Id.*) Plaintiff filed his response to Defendants' motion on September 11, 2026 (ECF No. 25) and Defendants filed a statement of resolved and unresolved issues on October 2, 2026. (ECF No. 26.)

The Court held a hearing on October 6, 2026, where both Plaintiff and counsel for Defendants appeared. Defendants, through their counsel, identified various interrogatories and requests for production which Plaintiff had failed to sufficiently answer. Defendants also noted that Plaintiff had similarly refused to answer many of Defendants' questions at Plaintiff's September 28, 2026 deposition. Defendants argued that Plaintiff's failure to provide an executed medical release form and educational records release form, combined with his refusal to answer questions regarding these and other issues, deprived Defendants of the information necessary to defend themselves against Plaintiff's claims.

In response, Plaintiff argued that he had in fact provided Defendants' counsel with a medical release form and some of the other requested documents. Plaintiff pointed to an executed medical records release form that he attached to his response in opposition to Defendants' motion and pointed to a hard copy of the medical records release form in open court. Plaintiff further claimed to have submitted copies of his social security card and driver's license to the portal Defendants' counsel's firm had provided. As to the information requested in the interrogatories and during the deposition, Plaintiff asserted that some of the information requested was privileged, already in the record, or irrelevant. However, Plaintiff was unable to identify which privilege he was asserting to avoid the disclosure of the information requested, despite the fact the burden for establishing privilege rests with him. Fed. R. Civ. P 26(b)(5)(a). *See In re Grand Jury Investigation No. 83-2-35*, 723 F.2d 447, 450 (6th Cir. 1983) ("The burden of establishing the existence of the privilege rests with the person asserting it."). Plaintiff also admitted that he failed to provide answers to some of the questions asked at the September 28, 2026 deposition and asserted that his refusal was due in part to the perceived lack of civility from Defendants' counsel, and in part due to his attempt to preserve objections to the questions being asked.[1]

[1] Plaintiff, who represents that he has a J.D. from Cooley Law School (ECF No. 23-6, PageID.227), is directed to review Fed. R. Civ. P. 30(c)(2) governing depositions.

Defendants' counsel was unable to identify the portal where Plaintiff had submitted the requested documents. Defendants' counsel was unprepared to speak about and had no personal knowledge of the attempts made to obtain these documents through a secured portal. Despite the fact that the release had been attached to Plaintiff's response, Defendants' counsel continued to assert that Defendants did not have access to the medical records release form until it was received in Court at the hearing.

**C. Order**

Upon consideration of the motion papers, the parties' respective arguments and representations at the hearing, and for all the reasons stated on the record by the Court, which are hereby incorporated by reference as though fully restated herein, Defendants' motion (ECF No. 23) is **GRANTED** in part and **DENIED** in part as follows:

**Initial Matters**

- Discovery is extended for Defendants only. Discovery for Plaintiff remains closed. The scheduling order dated January 26, 2026 (ECF No 21) is amended as follows:
    - Defendant's discovery is extended through **April 6, 2027**.
    - Dispositive motions are due no later than **May 7, 2026**.
    - No party may file a motion for summary judgment until after the close of discovery.

- Given the claims and damages asserted in Plaintiff's first amended complaint, which include loss of reputation, lasting emotional and psychological damages, and intentional infliction of emotional distress, the Court finds broad discovery is appropriate under Federal Rule of Civil Procedure 26.

- Given the nature of the claims asserted and the damages alleged, Plaintiff's objections based upon privileges which he failed to identify but likely intended as physician-patient or a therapist-patient privilege are **OVERULED** as his damage claims put these records directly at issue.[2]

**Interrogatories**

- Plaintiff is ordered to provide a second supplemental set of responses to Defendants' interrogatories on or before **October 23, 2026**.

- Plaintiff's second supplemental response must be comprehensive. It must include the information provided in his first responses, his first supplemental responses, as well as the information ordered herein.

- As required by Fed. R. Civ. P. 33(b)(3), Plaintiff's second supplemental response must be provided under oath either by declaration or as sworn before a notary public, and it must be signed with a wet signature.

- Plaintiff is ordered to supplement his response to:

  - Interrogatory Number 1 and provide his usernames for any and all social media accounts Plaintiff uses. Plaintiff does not have to provide his driver's license number but

[2] The disclosure or withholding of privileged information is governed by Fed. R. Civ. P. 26(b)(5)(A) and 34(b)(2)(C) which require the party to expressly identify the privilege being claimed, identify whether any information is being withheld on the basis of the asserted privilege, and describe the nature of the withheld information in a privilege log. Plaintiff has done none of this here.

must provide his social security number, although only if required by Defendants to obtain relevant records. The Court notes that the releases at issue do not seem to require this. (*See* ECF No. 25, PageID.238-239, 41-242.)

- Interrogatory Number 12 and provide an *itemized* list of all expenses and losses incurred as a result of the incident.

- Interrogatory Number 14 and provide the case name, case number, and court, for any and all prior lawsuits and claims Plaintiff has filed in a jurisdiction other than the Eastern District of Michigan. The Court finds it unnecessary to require Plaintiff to list prior cases which he has filed within the Eastern District of Michigan, as these cases should be reasonably identifiable on PACER. The Court further notes that Plaintiff appears to have grossly understated the number of cases he previously filed in this Court when directly asked at the hearing. Indeed, it appears he has filed eleven cases in this Court.

**Requests for Production**

- Plaintiff is ordered to supplement his responses to Defendants' requests for production and produce the responding documents to Defendants on or before **October 23, 2026.** Plaintiff's supplemental response to Defendants' request for production must be signed in wet ink.

  - Request to Produce Numbers 3, 4, and 5. Plaintiff's objections that such information is privileged are **OVERRULED**. Defendants' counsel is to provide Plaintiff with the medical and educational records release forms necessary to request the records at issue. Plaintiff is to execute these releases in wet ink and return original, hard copies of these releases to Defendants' counsel within 10 days after their receipt. These releases do not relieve Plaintiff of his obligation to *also* produce any and

all responsive documents currently within Plaintiff's possession or control by **October 23, 2026**.

**Plaintiff's Deposition**

- Plaintiff is ordered to sit for a second deposition. All parties are reminded of the rules regarding civility. The deposition is to be video recorded, and <u>the costs of the videographer or video recording are to be split evenly by both sides</u>.

- At the deposition, Plaintiff is directed to answer questions regarding but not limited to:

    - Social media usage and followers;
    - Educational history;
    - Medical history;
    - Psychological history and conditions;
    - Prior litigation, including ongoing cases and the USPS EEO claim;
    - Injuries sustained;
    - Drinking on the night of the incident; and,
    - Prior instances of theft or Plaintiff's dishonesty.

- This list is not exhaustive. Depositions are governed by Fed. R. Civ. P. 30. Failure to follow the rules regarding depositions may result in appropriate sanctions.

- Plaintiff is not required to answer questions regarding the names of his children or his consumption of alcohol outside of the night in question.

Plaintiff **SHALL** serve responsive documents no later than **Friday, October 23, 2026.** These documents should not be filed with the Court.

Finally, costs will not be awarded to Defendants neither side having fully prevailed in this motion. Fed. R. Civ. P. 37(a)(5)(C). Plaintiff attempted to provide the requested medical records release as well as his drivers license and social security card to Defendants in advance of this motion and submitted them to an online portal set up by Defendant' counsel's firm. Defendants' counsel did not disclaim that his firm may have set up a portal to receive the documents, and it appeared that his associate or paralegal (who was not present in Court) may, in fact, have received them, but only asserted that *he* did not have them. The Court got the impression that the left hand may not know what the right hand is doing in defense counsel's firm with respect to receipt of discovery. Defendants' counsel is ordered to use reasonable efforts to locate the sensitive documents Plaintiff submitted through the portal and update Plaintiff accordingly. The Court grants Defendants' motion to the limited extent described above.

**IT IS SO ORDERED.**[3]

[3] The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days after being served with a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).

Dated: October 13, 2026

Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE